HAROLD STUTTS AND WIFE, VIOLET S. STUTTS; GEORGE F.
SNIDER AND WIFE, JOHNSIE D. SNIDER; JOSH W. WATERS
AND WIFE, MYRA W. WATERS; GLENN H. JESSUP AND WIFE,
ERNESTINE G. JESSUP; MRS. EULA McELHANNON; EVER-
ETT NIXON AND WIFE, DORIS Y. NIXON; MISS VERA WISE;
PAUL RICHARDSON AND WIFE, DOROTHY RICHARDSON;
CARL W. SMITH AND WIFE, WILLIE BELLE SMITH; LONNIE
F. BUTLER AND WIFE, MARY BUTLER v. THOMAS EUGENE
SWAIM AND WIFE, MARKETIA BEANE SWAIM; THE CITY
OF RANDLEMAN, A MUNICIPAL CORPORATION, AND PHIL PENDRY,
SUPERINTENDENT OF BUILDING INSPECTIONS FOR THE CITY OF RAN-
DLEMAN

No. 7519SC784

(Filed 15 September 1976)

1. **Municipal Corporations § 30— tract rezoned for mobile homes — spot zoning**

In an action to have defendant landowners enjoined from operat-
ing a mobile home park on their land and to have declared unconstitu-
tional and void an ordinance adopted by defendant city which rezoned
such land, evidence was sufficient to support the trial court's conclu-
sion that the action of defendant city in adopting the ordinance con-
stituted spot zoning and the city therefore exceeded its authority in
adopting the ordinance where such evidence tended to show that while
the classification for the approximately four acres of land owned by
defendant landowners was changed by the challenged ordinance, the
classification for approximately five hundred acres owned by plaintiffs
and others was not changed, thereby relieving the small tract from
restrictions to which the rest of the area was subjected.

2. **Municipal Corporations § 30; Equity § 2— rezoning ordinance — delay in challenging — no laches**

In an action instituted on 5 June 1974 to have defendant landown-
ers enjoined from operating a mobile home park on their land and to
have declared unconstitutional and void an ordinance adopted on 12
November 1968 by defendant city which rezoned defendant landowners'
property from residential to mobile home, defendants failed to carry
the burden of showing that the delay by plaintiffs in challenging the
validity of the ordinance in question was unreasonable and that the
delay worked to their disadvantage, injury or prejudice, since the evi-
dence at trial disclosed no change in position by defendant land-
owners until June or July 1973; at that time they led plaintiffs
to believe that they were not developing a mobile home park but
were instead going to build a house; and very soon after plaintiffs
learned of the real intentions of defendant landowners they instituted
this action.

APPEAL by defendants from *Crissman, Judge.* Judgment en-
tered 16 April 1975 in Superior Court, RANDOLPH County. Heard
in the Court of Appeals 22 January 1976.

In this action, instituted 5 June 1974, plaintiffs seek (1) to have defendants Swaim enjoined from operating a mobile home park on their land, and (2) to have declared unconstitutional and void an ordinance adopted by defendant city. Jury trial was waived.

Allegations of the complaint are summarized in pertinent part as follows:

On 9 May 1967, pursuant to authority given it by the General Assembly, defendant city adopted a zoning ordinance affecting all the area within its corporate limits and a one-mile perimeter area adjacent thereto. Plaintiffs are the owners of various parcels of real estate located on or near the Worthville Road and within the perimeter area. Defendants Swaim are the owners of approximately four acres of land which is also located in the perimeter area, adjacent to or near plaintiffs' lands. By said ordinance the lands owned by plaintiffs and defendants Swaim were classified R-1, Residential, permitting single family and two-family residences but specifically excluding travel trailers and mobile homes.

On 12 November 1968, defendant city, at the request of and pursuant to fraudulent representations by defendant T. E. Swaim, passed an ordinance purporting to rezone the Swaim property from R-1, Residential, to M-H, Mobile Home. Defendant city failed to give proper notice prior to adopting said ordinance, and failed to follow required procedures at the time of, and subsequent to, its adoption.

Defendants Swaim are in the process of developing their property as a mobile home park and are about to apply to defendant Pendry for building permits to enable them to locate numerous mobile homes on their property. If defendants Swaim are permitted to develop their property as a mobile home park, the value of plaintiffs' property will be substantially reduced and they will suffer irreparable damage.

Plaintiffs asked that the 12 November 1968 ordinance be declared unconstitutional and void and that they be granted temporary and permanent injunctive relief.

In their answer, defendants Swaim admitted that they were in the process of developing their property as a mobile home park but denied that the challenged ordinance is invalid.

---

Stutts v. Swaim

---

Defendants further pleaded the three-years statute of limitations and laches on the part of plaintiffs.

Following a trial during which the court, by stipulation of the parties, visited and viewed the lands of plaintiffs and defendants Swaim, the court entered judgment which is summarized in pertinent part as follows:

### FINDINGS OF FACT

On 9 May 1967, defendant city adopted a comprehensive zoning ordinance applicable to the lands in question and under the ordinance the land of defendants Swaim was zoned R-1, Residential. On 12 November 1968, defendant city adopted an ordinance changing the classification of defendants Swaim's land from R-1, Residential, to M-H, Mobile Home. The zoned area outside the city limits has two mobile home parks located therein, one at Worthville and one on Highway 311; these mobile home parks are located approximately three miles apart and the property in question is located approximately three-fourths of a mile from Worthville and approximately two and one-half miles from the other mobile home park.

The entire perimeter area in question is occupied for the most part by "single standing" residential dwellings, mostly of brick construction, with attractive surroundings and spacious yards with well kept open spaces between the homes. The only areas in the perimeter originally zoned for mobile homes are the areas on which the two mobile home parks aforesaid are located. Plaintiffs were not aware of the change brought about in the zoning ordinance adopted 12 November 1968 until sometime during the month of March of 1974, although notice of public hearing as required by law was published in an area newspaper.

### CONCLUSIONS OF LAW

The action of defendant city in passing the ordinance of 12 November 1968 was arbitrary and capricious, and was "not enacted in relation to the health, welfare and master comprehensive plan" enacted by defendant city by its ordinance of 9 May 1967.

The ordinance passed by defendant city on 12 November 1968 constitutes illegal spot zoning in that it zoned defendants Swaim's property "for a specific (sic) opposed use detrimental

to the surrounding area under the zoning jurisdiction of the City of Randleman."

The zoning ordinance of 12 November 1968 singles out and reclassifies a relatively small tract of land owned by defendants Swaim which is surrounded by a much larger area uniformly zoned, and relieves the Swaim property from restrictions which the remainder of the much larger area is called upon to assume.

ADJUDICATION

The ordinance of 12 November 1968 is declared invalid, and unenforceable from the beginning.

The court also continued in full force and effect a preliminary injunction issued on 11 July 1974. Defendants appealed.

*Ottway Burton and Millicent Gibson for plaintiff appellees.*

*Moser and Moser, P.A., by D. Wescott Moser, for defendant appellants Swaim, and Bell and Ogburn, P.A., by John N. Ogburn, Jr., for defendant appellants The City of Randleman and Phil Pendry.*

BRITT, Judge.

The validity of the comprehensive zoning ordinance adopted by defendant city on 9 May 1967 is not challenged by any party to this action. Two major questions are raised by the pleadings: (1) the validity of the 12 November 1968 rezoning ordinance, and (2) laches on the part of plaintiffs. We will discuss the questions in that order.

The burden was on plaintiffs to show that the 12 November 1968 rezoning ordinance was invalid. *State v. Joyner,* 286 N.C. 366, 211 S.E. 2d 320 (1975).

We find no merit in plaintiffs' contention that the rezoning ordinance is invalid because they had no notice of the 12 November 1968 meeting of the governing board of defendant city. The court found, on competent evidence, that a notice of a public hearing as required by law was duly published in a newspaper circulated in Randolph County on 24 September and 1 October 1968. We hold that the notice was sufficient. *Walker v. Elkin,* 254 N.C. 85, 118 S.E. 2d 1 (1961).

Stutts v. Swaim

We think plaintiffs' contention and the court's conclusion that the action of defendant city in adopting the challenged rezoning ordinance constituted spot zoning has merit. In *Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E. 2d 35, 45 (1972), in an opinion by Justice Lake, we find:

> "A zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to impose upon the small tract. greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected, is called 'spot zoning.' It is beyond the authority of the municipality, in the absence of a clear showing of a reasonable basis for such distinction. . . . " (Numerous citations.)

[1] The evidence showed that while the classification for the approximately four acres of land owned by defendants Swaim was changed by the challenged ordinance, the classification for approximately five hundred acres owned by plaintiffs and others was not changed, thereby relieving the small tract from restrictions to which the rest of the area was subjected. Defendants attempted to show that the change was justified by a shortage of housing in the Randleman area in 1968 but their evidence failed to show that rezoning the Swaim property made any material contribution to meeting a housing shortage. In the absence of a clear showing of a reasonable basis for its action, defendant city exceeded its authority in adopting the rezoning ordinance.

We now consider the defense of laches pleaded by defendants. While plaintiffs successfully attack the validity of the rezoning ordinance, they are not entitled to relief if they are guilty of laches.

Laches is an affirmative defense which must be pleaded and the burden of proof is on the party who pleads it. *Poultry Co. v. Oil Co.*, 272 N.C. 16, 157 S.E. 2d 693 (1967), and cases therein cited. Having pled the defense, defendants assign as error the failure of the trial court to make any finding, reach any conclusion or otherwise rule on their plea. This assignment raises the question whether the evidence was sufficient to establish a prima facie showing of laches and to require a finding and conclusion by the court.

In *Teachey v. Gurley*, 214 N.C. 288, 294, 199 S.E. 83, 88 (1938), in an opinion by Justice (later Chief Justice) Barnhill, we find:

> " . . . In equity, where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim, the doctrine of laches will be applied. Hence, what delay will constitute laches depends upon the facts and circumstances of each case. Whenever the delay is mere neglect to seek a known remedy or to assert a known right, which the defendant has denied, and is without reasonable excuse, the courts are strongly inclined to treat as fatal to the plaintiff's remedy in equity, even though much less than the statutory period of limitations, if any injury would otherwise be done to the defendant by reason of the plaintiff's delay. . . . "

In *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576, (filed 1 September 1976), opinion by Chief Justice Sharp, we find the following:

> A property owner having standing to attack a zoning ordinance or amendment thereof may do so in an action under G.S. 1-254 (1969) for a declaratory judgment. (Citations.)

> "Since proceedings for declaratory relief have much in common with equitable proceedings, the equitable doctrine of laches has been applied in such proceedings. But the mere passage or lapse of time is insufficient to support a finding of laches; for the doctrine of laches to be sustained, the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke it." 22 Am. Jur. 2d *Declaratory Judgments* § 78 (1965). *See also,* 101 C.J.S. *Zoning* § 354 (1958).

[2]   We now review the evidence presented at the trial to determine if there was any showing that the lapse of time between the date of enactment of the challenged ordinance, 12 November 1968, and the date of the institution of this action, 5 June 1974, "resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution" of plaintiffs' claim; or, as stated in *Taylor*,

Stutts v. Swaim

to determine if the delay was unreasonable and "worked to the disadvantage, injury or prejudice" of defendants Swaim.

Included in the record, labeled Exhibit A, is a purported map of the property of defendants Swaim. As an aid to understanding the testimony, the map is reproduced as follows:

EXHIBIT A

Plaintiff Harold Stutts' testimony is summarized in pertinent part thusly: He has been familiar with the subject property since 1971 at which time there was one mobile home on the Swaim property. There was only one mobile home on the property until 1973. In June or July of that year he had a conversation with defendant Thomas Swaim who at that time was asked about a second mobile home that he had recently

placed on his property. Mr. Swaim replied that he had no intention of placing any more mobile homes on his land; that it was too valuable for mobile homes and if he could get a loan, he was going to build a home adjacent to the Stutts property. In about March of 1974 Mr. Swaim had constructed a driveway near the Stutts line and had put in a well but the witness thought these improvements were related to a new home. At that time, when asked about his plans, Mr. Swaim stated that he was going to place additional mobile homes on his property as soon as he could get them. At the time of trial there was one house and four mobile homes located on the Swaim property; two additional spaces for mobile homes had been prepared. One of the last added mobile homes is located 22 feet from plaintiff Stutts' bedroom window and another one is located 100 feet from that window.

Plaintiff Harry Jessup testified that from 1968 until May of 1974 two mobile homes were located on the Swaim property and they were located back of the house. He knew in 1973 that defendants Swaim were "digging water" on their property and constructing a road next to the Stutts line.

Plaintiffs' witness Joyce Mills testified that a mobile home was placed on the Swaim property in 1968; that the next change she observed on that property was a well being drilled and a mobile home placed on Tract No. 3 and she thinks that was in 1974.

Plaintiffs who testified indicated that they knew nothing about the 1968 rezoning ordinance until 1973 or 1974.

The only witness presented by defendants was D. A. Moser who was a member of the Randleman Board of Aldermen in 1968 and testified with respect to the adoption of the challenged ordinance. Defendants presented no evidence regarding expenditures made by them pursuant to the passage of the ordinance. The record on appeal contains an affidavit by defendants Swaim filed 11 July 1974 (evidently in connection with the motion for a preliminary injunction) in which affidavit they related work done on their property in preparing it to accommodate mobile homes. We find nothing in the record showing that said affidavit was admitted as a part of the evidence at trial, therefore, it was not before the trial judge and will not be considered by us.

Stutts v. Swaim

We hold that defendants failed to carry the burden of showing that the delay by plaintiffs in challenging the validity of the ordinance in question was unreasonable and that the delay worked to their disadvantage, injury or prejudice. Therefore, the trial judge did not err in failing to find facts and make conclusions with respect to defendants' plea of laches.

Defendants rely very heavily on the opinion of this court in *Taylor v. City of Raleigh*, 22 N.C. App. 259, 206 S.E. 2d 401 (1974), affirmed by the Supreme Court on 1 September 1976 and referred to above. We think the facts in that case are clearly distinguishable.

In *Taylor*, the rezoning ordinance challenged by plaintiffs was adopted on 21 December 1970 and the action was instituted on 12 January 1973. Defendants filed answer pleading, among other things, laches and thereafter defendant city moved for summary judgment on the ground that there was no genuine issue as to any material fact and defendants were entitled to judgment as a matter of law. Undisputed documentary evidence presented to the trial court showed that the impact of the rezoning ordinance on any of the plaintiffs was minimal; that plaintiffs were among those who protested the rezoning of the land in question; and that during the more than two years interval the defendant developer had spent more than $23,000 in architects, attorneys and engineering fees related to the subject property.

While the time lag in the instant case was greater than was true in *Taylor*, the evidence in this case disclosed no change in position by defendants Swaim until June or July 1973, and at that time they led plaintiffs to believe that they were not developing a mobile home park. Very soon after plaintiffs learned of the real intentions of defendants Swaim, they instituted this action.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.