FRANKLIN COUNTY, A N.C. BODY POLITIC, PLAINTIFF v. GEORGE E. BURDICK AND MARY K. BURDICK, DEFENDANTS; JOHN TATUM, FINANCE AMERICA MORTGAGE SERVICES, NOVIE BALL DUPREE, AGENT FOR BALL HEIRS, CHARLES M. DAVIS, LIENHOLDERS

No. 909DC1189

(Filed 16 July 1991)

**Equity § 2.2 (NCI3d); Taxation § 25 (NCI3d) — ad valorem taxes — constitutional amendment — constitutionality of 1970 ballot — defense barred by laches**

The doctrine of laches prohibited defendants from asserting as a defense to a county's action to recover 1985-88 ad valorem taxes that the constitutional amendment passed in 1970 which empowered the county to increase property taxes violated due process on the ground that the 1970 ballot failed adequately to inform voters of the substance and effect of the amendment where more than eighteen years elapsed between the 1970 ballot and defendants' claim of unconstitutionality; the amendment was a public record and defendants could have ascertained the import of the amendment or the constitutionality of its passage at any time after the 1970 ballot; and

plaintiff county has been materially prejudiced by defendants' delay because the passage of time prevented plaintiff from presenting evidence to show that the 1970 ballot was understandable to voters.

**Am Jur 2d, Constitutional Law §§ 42, 45; Initiative and Referendum §§ 46-48, 52.**

APPEAL by defendants from judgment entered 13 June 1990 by *Judge H. Weldon Lloyd, Jr.* in FRANKLIN County District Court. Heard in the Court of Appeals 5 June 1991.

*Davis, Sturges & Tomlinson, by Aubrey S. Tomlinson, Jr., for plaintiff.*

*Charles L. McLawhorn, Jr., P.A., by Charles L. McLawhorn, Jr. and Sharron R. Edwards, for defendants.*

LEWIS, Judge.

On 31 August 1988 Franklin County filed suit against defendants George E. Burdick and Mary K. Burdick for collection of taxes on real estate owned by the Burdicks in Franklin County for the years between 1985 and 1988. On 8 January 1989 the defendants filed an answer denying liability on the grounds that the constitutional amendment passed in 1970 which empowered the county to increase property taxes was unconstitutional. Defendants argued that the 1970 ballot failed to adequately inform voters of the substance and effect of the amendment and that the amendment was vague and misleading. The ballot read as follows:

FOR constitutional amendment revising those portions of the present or proposed State Constitution concerning State and local finance; or

AGAINST constitutional amendment revising those portions of the present or proposed State Constitution concerning local finance.

The matter was heard by Judge Weldon Lloyd, Jr., on 14 May 1990 without a jury. The court determined that the 3 November 1970 ballot concerning the amendment was "not unconstitutional (sic) vague and was not misleading or inconsistent with other provisions of the Constitution or Laws of the State." The court further determined that the defendants owed the County the sum of five

thousand, nine hundred thirty-two and 76/100 dollars plus interest. Defendants appealed.

At trial Mr. Burdick testified that he did not understand the proposed amendment as described in the ballot because it was vague and unclear. He also testified that he did not realize the implications of the amendment until his property taxes began to rise dramatically in 1985. On appeal defendants argue that the ballot violated the Fourteenth Amendment of the United States Constitution because it was so fundamentally unfair that its passage violated the due process clause.

On appeal plaintiff asserts the bar of laches to the defendants' defense of unconstitutionality. Plaintiff has not waived the bar by failing to plead it because plaintiff was not required to plead matters in avoidance of affirmative defenses, and is not required to seek leave to plead such matters. *Brown v. Lanier*, 60 N.C. App. 575, 577, 299 S.E.2d 279, 281 (1983). Furthermore, plaintiff did inquire of Mr. Burdick at trial as to why he waited so many years to assert the unconstitutionality of the amendment.

A party is guilty of laches if he has failed to assert an equitable right for such time as materially prejudices the adverse party. *Harris & Gurganus, Inc. v. Williams*, 37 N.C. App. 585, 590, 246 S.E.2d 791, 794 (1978). This case involves an equitable right insofar as defendant asserts the defense of the unconstitutionality as a bar to the court's imposition of a tax lien on his property.

The doctrine of laches, however, "is not based upon mere passage of time; it will not bar a claim unless the delay is (1) unreasonable and (2) injurious or prejudicial to the party asserting the defense." *Taylor v. City of Raleigh*, 290 N.C. 608, 622-23, 227 S.E.2d 576, 584-85 (1976). While the mere passage of years does not in itself entitle the plaintiff to the bar of laches, *Cieszko v. Clark*, 92 N.C. App. 290, 297, 374 S.E.2d 456, 460 (1988), an unreasonable length of time resulting in prejudice to the opposing party does so entitle the plaintiff. *McRorie v. Query*, 32 N.C. App. 311, 323, 232 S.E.2d 312, 320 (1977). More than eighteen years elapsed between the 1970 ballot and the defendants' claim of unconstitutionality. While Mr. Burdick states that he did not recognize the effects of the amendment until his taxes rose in 1985, he does not claim that he was precluded from ascertaining the import of the amendment or the constitutionality of its passage before 1985, or until 8 January 1989, when he filed his answer. The amendment was public record.

FRANKLIN COUNTY v. BURDICK

[103 N.C. App. 496 (1991)]

The plaintiff argues that it has been materially prejudiced by the defendants' delay because the passage of time prevented plaintiff from presenting evidence supporting the fact that the ballot was understandable to voters. We are inclined to agree. It is unreasonable to expect the plaintiff to defend against this charge more than eighteen years after the vote, when voters are not likely to remember voting on the amendment and whether they were confused by it. In *Taylor v. City of Raleigh*, the plaintiffs, who were attacking a zoning ordinance, were barred by laches because they filed the action more than two years after the ordinance was passed and many of the plaintiffs had participated in a public hearing concerning the ordinance. 290 N.C. at 626, 227 S.E.2d at 586. The defendants waited more than eighteen years before inquiring into the effects of the 1970 ballot even though Mr. Burdick participated in the ballot and remembers that he did not vote on the amendment because he did not understand it.

We therefore conclude that the defendants' delay in claiming the unconstitutionality of the 1970 ballot is both unreasonable and materially prejudicial to the plaintiff. Defendants' defense is therefore barred by laches. The judgment of the trial court is consequently

Affirmed.

Judges EAGLES and GREENE concur.