JAMES F. TAYLOR, ANNE S. TAYLOR, JASPER W. DUNN III, LINDA
   L. DUNN, RICHARD R. PATTY, AND NELL H. PATTY, HUBERT
   O. WHITAKER AND THERESA G. WHITAKER, HERBERT J.
   DAVIS AND CAROLYN DAVIS v. THE CITY OF RALEIGH, NORTH
   CAROLINA: TOM BRADSHAW, JR., MAYOR AND MEMBERS OF
   THE CITY COUNCIL OF THE CITY OF RALEIGH, NORTH CAR-
   OLINA; AND CLARENCE E. LIGHTNER, JESSE O. SANDERSON,
   ROBERT W. SHOFFNER, ALTON L. STRICKLAND, MICHAEL
   BOYD AND ELIZABETH REID, MEMBERS OF THE CITY COUN-
   CIL OF THE CITY OF RALEIGH, NORTH CAROLINA, AND W.
   E. MANGUM

No. 7410SC106

(Filed 3 July 1974)

1. **Equity § 2— laches**
      Laches is the negligent omission for an unreasonable time to
   assert or enforce an equitable right.

2. **Equity § 2; Municipal Corporations § 30— attack on rezoning ordi-
   nance — laches**
      Plaintiffs are barred by the doctrine of laches from attacking
   the validity of a rezoning ordinance more than two years after the
   ordinance was passed where many of the plaintiffs appeared at a
   public hearing to oppose the rezoning before the ordinance was
   passed and nothing indicates that plaintiffs were not aware of the
   ordinance when it was passed.

3. **Municipal Corporations § 2— annexation ordinance — standing to
   challenge**
      Plaintiffs who do not own property in a noncontiguous area
   annexed by a city have no standing to challenge the validity of the
   ordinance annexing such area.

APPEAL from *Hobgood, Judge,* 13 August 1973 Session of
WAKE County Superior Court.

On 21 December 1970, the City Council of Raleigh unani-
mously adopted zoning Ordinance No. (1970) 33-ZC-91. This
ordinance rezoned approximately 39 acres located outside the
corporate limits of Raleigh from an R-4 classification to an
R-6 classification. The former classification does not allow multi-
family housing, but the latter does.

On 6 January 1972, the defendant Mangum filed a petition
with the City of Raleigh to annex approximately 39 acres under
the authority of Chapter 989 of the 1967 Session Laws of North
Carolina. This is the same land which had previously been

rezoned to the R-6 classification. After giving the required public notice and holding the required public hearings, on 20 March 1972, the City Council unanimously adopted Ordinance No. (1972) 211 providing for noncontiguous annexation of the 39 acre tract in question.

On 2 January 1973, the City Council adopted resolutions providing for the acquisition by condemnation of certain portions of the plaintiffs' land on which to construct a sewage line between the city limit of Raleigh and the noncontiguous 39 acres previously annexed. Special proceedings actions were subsequently instituted to condemn the needed property.

On 12 January 1973, the plaintiffs filed an action seeking to declare unconstitutional both the rezoning ordinance enacted in 1970 and the annexation ordinance enacted in 1972. In addition, the action sought to restrain the defendant City of Raleigh from condemning the land of the plaintiffs for the construction of the sewage line. Each party stipulated to the factual situation as outlined, and each party moved for summary judgment. Summary judgment was granted in favor of defendants, and plaintiffs gave notice of appeal.

*Barringer and Howard by Thomas L. Barringer for plaintiffs-appellants.*

*Broxie J. Nelson, Fred P. Baggett, Ann S. Beddingfield and Clyde Holt III, attorneys for defendants-appellees, City of Raleigh, Mayor, and Members of the City Council.*

*Hatch, Little, Bunn, Jones and Few by David H. Permar for defendant-appellee, W. E. Mangum.*

CARSON, Judge.

The plaintiffs do not contend that improper statutory procedures were implemented concerning the rezoning ordinance. Rather, they contend that the rezoning is spot zoning and contract zoning, both of which are disapproved in this jurisdiction. *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972) ; *Zopfi v. City of Wilmington,* 273 N.C. 430, 160 S.E. 2d 325 (1968). Even if we are to assume that the plaintiffs are correct in their contentions that the rezoning was spot zoning and contract zoning, which we do not concede, the first question to be answered is whether the plaintiffs have standing to contest this action more than two years after the zoning ordinance was

enacted. While there is no specific statute of limitations regarding challenging the validity of zoning ordinances, G.S. 1-254 provides that a declaratory judgment is the proper method to determine its validity. Public hearings were held in 1970, before the property in question was rezoned. A number of plaintiffs in this matter appeared at the hearing in opposition to the change. There is nothing in the record to indicate that the plaintiffs were not fully aware that the rezoning ordinance was passed in 1970. Nor is there any reason to assume that they were unable to challenge the rezoning ordinance by seeking a declaratory judgment.

[1] The defendants maintain that the plaintiffs should be barred by laches in the absence of a specific statute of limitations. We think their contentions are well founded. The doctrine of laches is an equitable defense, which must be pled by the defendant in bar of the plaintiff's action. *Poultry Co. v. Oil Co.*, 272 N.C. 16, 157 S.E. 2d 693 (1967) ; *Teachey v. Gurley*, 214 N.C. 288, 199 S.E. 83 (1938). It is applicable when the plaintiff can be shown to have lacked the diligence which may be expected of a reasonable and prudent man. *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966) ; *Coppersmith v. Insurance Co.*, 222 N.C. 14, 21 S.E. 2d 838 (1942). It is the negligent omission for an unreasonable time to assert or enforce an equitable right. *Builders Supply Co. v. Gainey*, 282 N.C. 261, 193 S.E. 2d 449 (1972) ; *Stell v. Trust Co.*, 223 N.C. 550, 27 S.E. 2d 524 (1943).

[2] The rezoning ordinance in question here was enacted 21 December 1970. Public hearings were held prior to that time, and many of the plaintiffs appeared to oppose the rezoning of the property in question. The plaintiffs have not been diligent in asserting their rights, if any, in opposition to the zoning change; and we hold that they are barred by the doctrine of laches from asserting such rights at this time. *Marshall v. Hammock*, 195 N.C. 498, 142 S.E. 776 (1928) ; *Miller v. Marriner*, 187 N.C. 449, 121 S.E. 770 (1924).

[3] The record does not disclose that any one of the plaintiffs is a resident of either the City of Raleigh or the area annexed. The defendants' answer moves to dismiss on the grounds that the plaintiffs are not residents of either area. It is incumbent on the plaintiffs by their complaint to show that they have standing to raise the issue. Since the city is a political subdivision of the state, the general rule is that private citizens

may not question its right to annex areas. 56 Am. Jur. 2d, Municipal Corporations, § 72. This rule has been modified in North Carolina by G.S. 160-453.18(a), now G.S. 160A-38(a), which allows persons owning property in the area to be annexed to appeal if such property owner believes that he will suffer material injury. While the city here was proceeding under Chapter 989 of the 1967 Session Laws, which does not set forth the persons who can appeal, rather than Chapter 160, we do not believe that this extends the right to challenge the annexation to persons outside the annexed area who do not own property within it. The trial court acted properly, therefore, in granting summary judgment against the plaintiffs.

In view of the application of the doctrine of laches in the rezoning ordinance and the lack of standing to sue in the annexation ordinance, we hold that the plaintiffs could not restrain the defendants from the condemnation for the sewer line in this action. Special proceedings for the condemnation have been instituted, and any defenses the plaintiffs may have may be asserted in those actions. We therefore find,

No error.

Chief Judge BROCK and Judge MORRIS concur.