LAWRENCE WILLIS, DAVID RUSHING, T. B. RUSHING, T. BENNY RUSHING, GLADYS KELLY, SAM KELLY, BOBBY GRIFFIN, DARLENE GRIFFIN, WILLIAM H. WALTERS, PAUL MURRAY, JESSE WRIGHT, RENEE WRIGHT, PATRICIA STURDIVANT, ALLEN GRIFFIN, ELIZABETH H. TUCKER, CARROLL TUCKER, CARROLL GRIFFIN, JULIA GRIFFIN, HAROLD LITTLE, JO ANN LITTLE, J. V. ROBERSON, MILLIE ROBERSON, E. GADDY HELMS AND GEORGIA B. HELMS v. UNION COUNTY, UNION COUNTY BOARD OF COMMISSIONERS, RALPH H. GRIFFIN, O. HARRELL GRIFFIN, PATSY E. GRIFFIN AND NELL C. GRIFFIN

No. 8420SC1351

(Filed 15 October 1985)

1. **Counties § 5.1; Municipal Corporations § 30.9— comprehensive plan for zoning —genuine issue of material fact**

   A genuine issue of material fact was presented as to whether Union County has a comprehensive plan for zoning as required by G.S. 153A-341 where the record in this case reveals no evidence regarding the substance of the Union County zoning ordinance or what property the ordinance covers other than one section dealing with permitted uses under the zoning classification sought by the individual defendants; Union County and the Union County Board of Commissioners admitted plaintiffs' allegation that there was no comprehensive plan in Union County; and in their answers to interrogatories defendants stated that Union County has a land development plan and that the property in question is not included in that plan.

2. **Counties § 5.1; Municipal Corporations § 30.9— contract zoning—genuine issue of material fact**

   A genuine issue of material fact was presented as to whether the rezoning of defendants' property from R-10 to R-8 constituted unlawful contract zoning

---

Willis v. Union County

---

where there was evidence that defendants' attorney referred to specific plans for a proposed apartment building to be constructed on the property and represented that no mobile homes would be placed on the property even though the R-8 zoning classification permitted mobile homes.

APPEAL by plaintiffs from *Mills, Judge.* Judgment entered 29 August 1984 in Superior Court, UNION County. Heard in the Court of Appeals 22 August 1985.

Plaintiffs appeal from an order granting summary judgment in favor of all defendants. The individual defendants filed a petition seeking to have their property in Union County rezoned. On 9 May 1984 the Union County Board of Commissioners voted unanimously to rezone the property from R-10 to R-8. Plaintiffs began this action seeking a declaratory judgment that the rezoning was invalid. On 29 August 1984 the trial court granted summary judgment as to all defendants. The plaintiffs appealed.

*Joe P. McCollum, Jr., for plaintiff appellants.*

*Griffin, Caldwell, Helder & Steelman, by Thomas J. Caldwell, for defendant appellees Union County and Union County Board of Commissioners.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for defendant appellees Ralph H. Griffin, O. Harrell Griffin, Patsy E. Griffin and Nell C. Griffin.*

WEBB, Judge.

The plaintiffs contend that the trial court erred in granting defendants' motions for summary judgment for two reasons. They argue that genuine issues of material fact exist as to whether Union County maintained a comprehensive land use plan as required by G.S. 153A-341 and whether the amendment to the ordinance constituted contract zoning. We believe both these arguments have merit.

[1]   G.S. 153A-341 provides in part that "zoning regulations shall be made in accordance with a comprehensive plan. . . ." This language does not require "an extensive written plan, such as a master plan based upon a comprehensive study . . . [t]he ordinance itself may show that the zoning is comprehensive in nature." *Allred v. City of Raleigh,* 7 N.C. App. 602, 607, 173 S.E.

2d 533, 536 (1970), *rev'd on other grounds*, 277 N.C. 530, 178 S.E. 2d 432 (1971). In *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979), the Supreme Court found that the City of Raleigh maintained a sufficiently comprehensive plan despite some minor inconsistencies. In so finding, however, the Court relied upon evidence presented at the summary judgment hearing that the city had a comprehensive set of zoning regulations which cover the entire city and that comprehensive studies had been conducted on the city's housing, transportation, public facilities, parks and recreation and other needs.

Other than one section dealing with permitted uses under the zoning classification sought by the individual defendants, the record in this case reveals no evidence regarding the substance of the Union County zoning ordinance or what property the ordinance covers. Furthermore, in their answer Union County and the Union County Board of Commissioners admitted plaintiffs' allegation that there was no comprehensive plan in Union County. In their answers to interrogatories defendants stated that Union County has a land development plan and that the property in question is not included in that plan. We conclude that this evidence creates a genuine issue of material fact as to the existence in Union County of a comprehensive land use plan.

[2] Plaintiffs also argue that the trial court should have denied summary judgment because there existed a genuine issue as to whether the action in this case constituted unlawful contract zoning.

A county's legislative body has authority to rezone when reasonably necessary to do so in the interests of the public health, safety, morals or general welfare. Ordinarily the only limitation upon this authority is that it may not be exercised arbitrarily or capriciously. However to avoid contract zoning, all the areas in each class must be subject to the same restrictions. If the rezoning is done in consideration of an assurance that a particular tract or parcel will be developed in accordance with a restricted plan this is contract zoning and is illegal. *See Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E. 2d 432 (1971).

In this case there is evidence that at meetings regarding the rezoning petition, defendants' attorney Harrington referred to specific plans, including drawings and rental rates for a proposed

apartment building to be constructed on the property. There is also evidence that Harrington made representations at the various hearings to the effect that there should be no concern about mobile homes on the property after rezoning because the defendants were willing to put restrictions in the deeds prohibiting mobile homes. Under section 85 of the Union County zoning ordinance mobile homes are a permitted use in areas zoned R-8, the new classification proposed by defendants. Defendants deny any such promise and offer the attorney's affidavit in support of their position. The minutes of the first two meetings show that Harrington did mention restrictions in the deeds. The minutes of the third meeting, at which the defendants' petition was granted, do not mention any proposed deed restrictions but only summarize the proceedings. The record also contains the affidavit of Bobby H. Griffin, one of the plaintiffs, who states that he was at the final hearing before the Board of Commissioners and that Harrington stated that the property would be used for apartment buildings and that no mobile homes would be placed on the property. This evidence is in obvious conflict. We conclude that this evidence presents a genuine issue of material fact as to whether defendants' action in this case constituted unlawful contract zoning.

Because the evidence relied upon ·', the summary judgment hearing created genuine issues of material fact regarding the existence in Union County of a comprehensive land use plan and regarding unlawful contract zoning, summary judgment was inappropriate.

Reversed and remanded.

Judges BECTON and MARTIN concur.