LOUISE B. HALL, PAUL B. HALL, LUTHER C. HAMMOND, DOROTHY S. HAMMOND AND THE LATTA ROAD NEIGHBORHOOD ASSOCIATION, INC. v. THE CITY OF DURHAM, LOWE'S INVESTMENT CORPORATION, AND B, K, B, INC.

No. 8714SC343

(Filed 15 December 1987)

1. **Statutes § 5.1; Municipal Corporations § 30.9— zoning ordinance—evidence of City Council's deliberations—admissible**

The trial court did not err in a declaratory judgment action challenging the validity of a zoning ordinance by admitting at the summary judgment

hearing evidence of the City Council's deliberations. Although transcripts of City Council proceedings are not admissible to prove the Council's intent, they may be admissible to prove facts stated therein and the Council's consideration of them; moreover, other evidence in the record supported the court's conclusion that contract zoning occurred.

**2. Municipal Corporations § 30.9— rezoning—contract zoning**

A rezoning constituted unlawful contract zoning where the minutes of the Council meeting showed that discussion centered almost completely around the desirability of the proposed settlement, including collateral promises made by defendant Lowe's, there was no evidence that the tract was unsuitable for development for the uses permitted under the existing R-20 and C-1 zoning or that the tract was more suited for the requested C-4 zoning, and nothing in the record indicated that the Council even considered the suitability of the land for any of the other uses permitted in a C-4 district.

**3. Municipal Corporations § 30.9— contract zoning—provisions authorizing consideration of specific development plan**

Provisions of the Durham City Charter authorizing the City Council to consider a specific development plan in passing upon a zoning request did not obviate the Council's responsibility to determine that the property was suited for all uses permitted in the requested zoning designation. Although the City Council may consider a specific development plan in its deliberations, it is not authorized to base its decision entirely upon that consideration and there is nothing in the law which would allow the Council to limit the actual use made of the property by either the current or future owners.

APPEAL by defendants, Lowe's Investment Corporation, Inc. and B, K, B, Inc. from *Robert H. Hobgood, Judge*. Judgment entered 6 November 1986 in Superior Court, DURHAM County. Heard in the Court of Appeals 21 October 1987.

*Maxwell, Freeman, and Beason, P.A., by James B. Maxwell and Alice Neece Mosley for plaintiff-appellees.*

*Loflin & Loflin, by Thomas F. Loflin, III and Dean A. Shangler; and Charles Darsie for defendant-appellants, Lowe's Investment Corporation and B, K, B, Inc. Michaux & Michaux, by Eric Michaux for defendant-appellant, Lowe's Investment Corporation.*

BECTON, Judge.

Plaintiffs, Paul and Louise Hall, Luther and Dorothy Hammond, and the Latta Road Neighborhood Association, Inc., filed this action seeking a declaratory judgment concerning the validity of a rezoning amendment adopted by the Durham City Council (the Council), which rezoned approximately 12.9 acres of land near

Hall v. City of Durham

the intersection of Roxboro and Latta Roads in Durham. The Complaint alleged that the rezoning was invalid because (1) a valid protest petition filed pursuant to N.C. Gen. Stat. Sec. 160A-385 on behalf of residents of the neighborhood near the rezoned property made a three-fourths majority vote by the Council necessary for passage of the amendment, (2) the rezoning was the product of illegal "contract zoning," and (3) the rezoning violated the Durham 2005 Comprehensive Plan for development.

Defendants moved for summary judgment, and a hearing was held 3 November 1986. The trial court, after considering the pleadings, interrogatories, depositions, various exhibits, and arguments of counsel, entered summary judgment for plaintiffs, concluding as a matter of law that the rezoning was invalid because the Council had engaged in prohibited "contract zoning." However, the trial court ruled in favor of defendants on the issue of the protest petition's validity. Plaintiffs conceded at the hearing that they could not prevail on their third claim concerning violation of the City's comprehensive development plan and, for that reason, the judgment did not address that issue.

Defendants, Lowe's Investment Corporation (Lowe's) and B, K, B, Inc. (B,K,B) appeal, contending that the trial court erred (1) by receiving in evidence at the summary judgment hearing the unedited minutes of the Council meeting on the rezoning issue and an affidavit of Karl Hammond concerning statements made at the meeting, and (2) by concluding that the Council had engaged in contract zoning as a matter of law. Plaintiffs cross-assign as error the Court's conclusion that the protest petition was invalid. We affirm the entry of summary judgment for plaintiffs on the issue of contract zoning and, therefore, find it unnecessary to reach the issue presented by plaintiffs' cross-assignment of error.

I

The property in question, owned by defendant B,K,B is an L-shaped piece of land adjacent to Eno Square Shopping Center with frontage along Roxboro Road and extending to within 30 feet of Latta Road. The surrounding area is primarily zoned R-20, single-family residential, and C-1, neighborhood commercial, and consists of residences, neighborhood stores, and service establishments.

On 29 January 1986, defendants Lowe's and B,K,B filed an application with the Durham City Department of Planning and Community Development to rezone the 12.9 acre tract from R-20 and C-1 to C-4(D), heavy commercial with development plan. Lowe's proposed to use the land for operation of a "Home Center" consisting of four buildings, an outdoor lumber storage area, and a parking lot. Lowe's submitted with the application a development plan showing the proposed physical site layout, and including a notation that certain adjoining acreage would be deeded at the time of the development to the Eno River Association, an organization devoted primarily to conservation of the Eno River and its environs. Also included in the Planning Department's file on the rezoning application was a document which described a reverter clause to be placed in the deed from B,K,B to Lowe's, stating that if Lowe's ceased to use the property for a lumberyard and home center, the title would vest in the Eno River Association or, if the Eno River Association no longer existed, in the City of Durham.

The Staff Report of the Planning and Zoning Commission, which was submitted to the City Council, includes a staff recommendation that the rezoning be denied. The "Staff Analysis" section of the Report discusses numerous reasons for the negative recommendation and concludes that the wide range of heavy commercial uses permitted under C-4 zoning are not compatible with the surrounding residential and community-serving commercial areas. The staff's analysis also states:

Although the development contains a notation that the adjacent R-20 land will be deeded to the Eno River Association, it is important to note that this property dedication is not a part of the development plan. The notation is for information only and should not be considered in analysis of the rezoning request.

Despite the staff's recommendation, the Commission voted 4-2 to recommend that the Council approve the rezoning. The only explanation in the record for the favorable recommendation is contained in the Commission's "Comments" at the end of the Report, which state in part:

Ken Spaulding, attorney for Lowe's, told the Commission that he has had two meetings with the neighborhood. As a result of those meetings, Lowe's has added a 30-foot land-

scaped buffer along Latta Road that will remain zoned R-20. Because the land slopes away from Latta Road, the proposed buildings will be hardly visible from the street. To improve traffic, Lowe's will restrict left turns onto Latta Road. In addition, a restriction would be placed on the deed which would require that the rear tract that [sic] would revert to the Eno River Association if Lowe's ceases to operate.

The Durham City Council held a public hearing on 7 April 1986, at which the discussion indicated that a large number of residential neighbors were opposed to the rezoning. The statements of those in favor of the rezoning related to the proposed development, its preferability to some other development, and Lowe's attempts to accommodate community interests. The attorney for Lowe's, in pointing out the company's efforts, stated, in part:

> We [Lowe's] were also concerned about protecting the crooked creek — the dedicating open space to non-profit groups, working with the landowners and also to immediately upon approval of this rezone actually deed over to [sic] the property to Eno River Association (approximately 9 acres). We asked for a C-4(D) plan with unprecedented action by Lowe's Inc. The property used nearest Latta Road — once Lowe's has completed its use on that property, that that [sic] property would in fact go over to the Eno River Association.

Following the public hearing, the Council discussed the matter, and voted 7-6 to rezone the property.

II

[1] Included in the evidence considered by the trial court at the summary judgment hearing were both an expurgated copy, offered by the City, of the minutes of the 7 April 1986 hearing and Council meeting (with comments of Council members deleted), and an unexpurgated copy, submitted by plaintiffs. The court also received, over defendants' objection, an affidavit of Karl Hammond which contains references to some of the comments of Council members which were deleted from the copy of the minutes proffered by the City.

Defendants assign error to the admission of the evidence of the Council's deliberations, citing the rule that a court may not inquire into the motives of a legislative body in determining the

validity of a legislative decision, *see D & W, Inc. v. City of Charlotte*, 268 N.C. 577, 151 S.E. 2d 241 (1966); *Clark's Greenville, Inc. v. West*, 268 N.C. 527, 151 S.E. 2d 5 (1966), and contending that the comments of the Council members are only relevant to show their individual intentions or motives in enacting the rezoning amendment.

However, transcripts of City Council proceedings, although not admissible to prove the intent of the Council, may be admissible "to prove the facts stated therein and the council's consideration of them," *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 227, 258 S.E. 2d 444, 456 (1979), and thus to assist the court in determining whether, based on the evidence before the Council, the rezoning has a reasonable basis or is arbitrary and capricious. In our opinion, the portions of the minutes and the affidavit to which defendants object were properly received by the trial court to show the Council's consideration of the facts before it. Moreover, as discussed hereafter, the other evidence in the record, apart from any consideration of the Council's deliberations, supports the Court's conclusion that contract zoning occurred.

This assignment of error is overruled.

### III

[2] Defendants next argue that the undisputed facts before the trial court not only do not establish contract zoning but, in fact, establish that contract zoning did not occur as a matter of law. We disagree.

The basic principles of law concerning rezoning and the prohibition against contract zoning are set forth and explained in *Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E. 2d 432 (1971), and *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972), in which our Supreme Court held that rezoning in consideration of assurances that a particular tract of land will be developed in accordance with a restricted plan is an invalid exercise of a city's legislative power. *See also Nelson v. City of Burlington*, 80 N.C. App. 285, 341 S.E. 2d 739 (1986); *Willis v. Union County*, 77 N.C. App. 407, 335 S.E. 2d 76 (1985). Because all areas within each zoning classification must be subject to the same restrictions, rezoning is proper only when the surrounding circumstances justify making the property available for *all* uses permissible under the

particular classification. Any action of the City Council which disregards these fundamental concepts of zoning as set forth in the enabling legislation, N.C. Gen. Stat. Sec. 160A-381 *et seq.* (1982 and Cum. Supp. 1985), may be arbitrary and capricious, and thus beyond the Council's legislative authority. *See Allred* at 545, 178 S.E. 2d at 440.

Although the court may not substitute its judgment for that of the City's legislative body concerning the wisdom of imposing restrictions upon the use of property within its jurisdiction, the Court may determine whether the rezoning ordinance was adopted in violation of statutorily required procedures, "or is arbitrary and without reasonable basis in view of the established circumstances." *Blades* at 551, 187 S.E. 2d at 46. From the record before us, we conclude that the challenged rezoning lacks a proper basis and violates the fundamental rules of zoning. First, Lowe's plainly represented to the Planning Commission and the City Council not only that the land would be developed in accordance with its proposed plan, but further, that upon rezoning, the Eno River Association would benefit from both a gift of approximately nine adjacent acres as well as a restriction on the deed of the developed tract. Additional promises made by Lowe's included an agreement with the Eno River Association to stack lumber no higher than ten feet, and a promise to allow the neighborhood to select the color for the building. The minutes of the Council meeting show that discussion centered almost completely around the desirability of the proposed development, including the collateral promises made by Lowe's.

In addition, just as in *Allred* and *Blades*, in which rezoning was held invalid, there is no evidence that the 12.9 acre tract was unsuitable for development for the uses permitted under the existing R-20 and C-1 zoning or that the tract was more suited, under existing circumstances, for C-4 uses. To the contrary, the only evidence on this issue consists of the City staff's analysis which indicates the land was *not* suited to C-4 uses. Equally important, nothing in the record indicates that the Council even *considered* the suitability of this parcel of land for any of the other uses permitted in a C-4 district, such as adult entertainment, correctional institutions, crematoria, heavy equipment sales and storage, or bulk storage of flammable liquids and gases.

[3] Defendants argue that this case is distinguishable from *Allred* and *Blades* due to the existence of provisions of the Durham City Charter, enacted after those decisions, which authorize the City Council to consider a specific development plan in passing upon a rezoning request. Chapter 671, Section 92 of the 1975 North Carolina Session Laws provides, in pertinent part:

DEVELOPMENT PLANS AND SITE PLANS.

In exercising the zoning power granted to municipalities by G.S. 160A-381, the city council may require that a development plan showing the proposed development of property be submitted with any request for rezoning of such property. *The city council may consider such development plan in its deliberations and may require that any site plan subsequently submitted be in conformity with any such approved development plan.*

In addition, the council is authorized to require that a site plan be submitted and approved prior to the issuance of any building permit . . . [t]he council *may* require that site plans be in conformity with previously approved development plans for the same property. (Emphasis added.)

This provision must be harmonized, if possible, with N.C. Gen. Stat. Sec. 160A-382 which states that "all regulations shall be uniform for each class . . . throughout each district," and with Section 160A-383 which requires all zoning regulations to be made "in accordance with a comprehensive plan." One essential of a "comprehensive" zoning ordinance is that all uses permissible within a given classification are available as of right to the owner. *See Allred* at 544, 178 S.E. 2d at 440.

In our opinion, when construed in light of these established principles of zoning, the provisions of the Durham City Charter upon which defendants rely do not obviate the Council's responsibility to determine that the property is suited for all uses permitted in a C-4 district. While the City Council is permitted to *consider* a specific development plan in its deliberations, we are not convinced that it is authorized to base its decision *entirely* upon that consideration. Moreover, although Section 92 appears to allow the Council to insure that the property is actually developed in accordance with the proposed plan by way of a "site plan"

approval, we find nothing in the law which would allow the Council to limit the actual use made of the property by either the current or future owners.

IV

In our view, *Allred* and *Blades* stand not only for the limited principle that rezoning may not be based on assurances that the applicant will make a specific use of the property, but also for the broader principles that property may not be rezoned in reliance upon *any* representations of the applicant and that rezoning must take into account all permitted uses under the new classification. Because, in the present case, the City Council considered a proposed development plan as well as collateral representations concerning adjacent property and deed restrictions controlling future use of the rezoned site, but did not determine the suitability of the land for other C-4 uses, we hold that the challenged rezoning constitutes unlawful contract zoning. Accordingly, the judgment of the trial court is

Affirmed.

Judges PHILLIPS and GREENE concur.