REGINA SMITH v. MARTHA S. QUINN

No. 8729SC946

(Filed 2 August 1988)

**Rules of Civil Procedure § 4— alias and pluries summons obtained before previous summons expired—attempt to deliver summons not required**

  An undelivered summons can serve as a basis for a subsequent alias and pluries summons even though there has been no effort to deliver the original or subsequent summonses to a sheriff; therefore, plaintiff did not violate N.C.G.S. § 1A-1, Rule 4(a) since she obtained an alias and pluries summons each time before the previous summons expired, and the trial court's dismissal of plaintiff's action pursuant to Rule 4(a) was error.

APPEAL by plaintiff from *Gardner (John M.), Judge.* Judgment entered 26 June 1987 in Superior Court, HENDERSON County. Heard in the Court of Appeals 11 February 1988.

*Price, Youngblood & Massagee, by Sharon B. Ellis and B. B. Massagee, III, for plaintiff-appellant.*

*Roberts Stevens & Cogburn, P.A., by Landon Roberts and Glenn S. Gentry, for defendant-appellee.*

GREENE, Judge.

This is an appeal from the trial court's dismissal with prejudice of plaintiff's action for personal injuries which she alleges were caused by defendant's negligence.

The facts giving rise to this appeal are undisputed. Plaintiff instituted this action by filing a complaint in District Court on 7 March 1986, approximately one week before the expiration of the applicable three-year statute of limitations. The clerk issued a civil summons on that date; however, the summons was not delivered to the Sheriff for service until 7 April 1986, the day before the summons was to expire. Plaintiff then requested and received a thirty-day extension of time within which to serve the summons. On 7 May 1986 and 1 August 1986, plaintiff requested the issuance of successive alias and pluries summonses. On each occasion, these summonses were issued but plaintiff did not attempt to have them served. Plaintiff's only attempt to serve any of the summonses was when she took the original summons to the Sheriff the day before it was to expire.

On 28 October 1986, the clerk issued a third alias and pluries summons. This summons was delivered to the Sheriff on 29 October 1986 and served the same day on defendant by delivering a copy of the summons and complaint to her personally at her business address in Hendersonville.

On 4 May 1987, defendant made a motion pursuant to N.C.G.S. Sec. 1A-1, Rule 41(b) (1983) for an involuntary dismissal of plaintiff's action for plaintiff's failure to prosecute and for plaintiff's violation of Rules 4(a) and 11(a). Defendant alleged plaintiff's actions were interposed for delay and plaintiff's complaint should be stricken as sham and false. On 18 May 1987, the trial judge granted defendant's motion and dismissed plaintiff's action with prejudice, concluding that plaintiff had willfully and intentionally violated Rule 4(a) in order to delay the action and gain an unfair advantage over defendant. Plaintiff appeals.

The sole issue before us is whether the trial court erred in dismissing plaintiff's action with prejudice for plaintiff's alleged violation of Rule 4(a).

The trial court found as a fact that defendant had resided in the same location and maintained the same place of business in Hendersonville during the time between when the complaint was originally filed in March and when defendant was finally served in October. The court also found:

> 11. Plaintiff's counsel, at the hearing, stated in open Court, that suit was filed in order not to be barred by the three-year statute of limitations; that he did not at any time intend to have summons served until such time as he could talk to five or six wittnesses [sic]; that he purposely took action to avoid any service of process so the defendant would not be notified of the lawsuit. Plaintiff's attorney stated in open Court that from his past experience dealing with insurance companies he knew that as soon as the Complaint was served on the defendant, the defendant would notify her insurance carrier and the insurance company's lawyer would get in touch with these witnesses who he needed to talk to and stake them out and that thereafter the witnesses would not tell plaintiff's attorney the truth about what occurred.

In *Smith v. Starnes*, 317 N.C. 613, 346 S.E. 2d 424 (1986), our Supreme Court held that Rule 4 does not require delivery of a summons to the sheriff within thirty days of its issuance in order for the summons to later serve as a basis for the issuance of an alias or pluries summons. The Court based its holding on the provisions of Rule 4(e) which expressly provide the manner in which a summons is discontinued. Since failure to deliver the summons was not a manner of discontinuance set out in Rule 4(e), the Court held that an undelivered summons could serve as a basis for a subsequent alias and pluries summons even though there was no effort to deliver the original or subsequent summonses to a sheriff. Therefore, under the holding in *Starnes*, plaintiff did not violate Rule 4(a) since she obtained an alias and pluries summons each time before the previous summons expired. Accordingly, the trial court's dismissal of plaintiff's action pursuant to Rule 4(a) was error.

Defendant further argues this action should be dismissed because of plaintiff's failure to prosecute under Rule 41(b) and because of plaintiff's violation of Rule 11(a). *See Estrada v. Burnham*, 316 N.C. 318, 341 S.E. 2d 358 (1986). Because the trial court concluded plaintiff violated Rule 4, it did not determine these issues. Dismissal under Rule 41(b) is left to the sound discretion of the trial court. *See Jones v. Stone*, 52 N.C. App. 502, 506, 279 S.E. 2d 13, 15, *disc. rev. denied*, 304 N.C. 195, 285 S.E. 2d 99 (1981). As the trial court did not determine whether plaintiff's actions amounted to a failure to prosecute or whether plaintiff violated Rule 11(a), we may not substitute our discretion for that of the trial court and we will not determine those issues for the first time on appeal. *But see generally* C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2370 at 212-13 n.17 (1971 & Supp. 1987) (citing cases dismissing actions for failure to prosecute where diligence not used in serving defendant). For the reasons above, this action is

Reversed and remanded.

Judges WELLS and EAGLES concur.