ROBERT KERIK AND WIFE, BETTY KERIK; FELIX HEGE; RONALD L. MUSGRAVE AND WIFE, CHRISTINE MUSGRAVE; JAMES V. BUSICK; DON BRANNOCK AND WIFE, MAE C. BRANNOCK; AND DAVIDSON COUNTY NEIGHBORS COALITION, PLAINTIFFS V. DAVIDSON COUNTY; GEORGE F. SOWERS AND WIFE, DOROTHY B. SOWERS; FOLTZ ENTERPRISES; FRED C. SINK; JEFF CECIL; BILLY JOE KEPLEY; BROWN LOFTIN; FRED D. McCLURE; LARRY W. POTTS; D. REID SINK, JR., MEMBERS OF THE BOARD OF COMMISSIONERS OF DAVIDSON COUNTY, DEFENDANTS

No. COA00-660

(Filed 7 August 2001)

## 1. Zoning— ordinance amendment—rezoning property subject to option to purchase—motion to dismiss

The trial court did not err by denying defendant county's motion to dismiss under N.C.G.S. § 1A-1, Rule 41(b) an action considering a zoning ordinance amendment that rezoned certain property owned or subject to an option to purchase, because the county failed to show any abuse of discretion by the trial court.

**2. Zoning— ordinance amendment—rezoning property subject to option to purchase—standard of review—whole record**

The trial court erred in its review of defendant board of commissioner's zoning ordinance amendment that rezoned certain property owned or subject to an option to purchase, because: (1) the trial court improperly reviewed the matter de novo; and (2) the proper standard of review for a board of commissioners' legislative decision is the whole record test.

**3. Zoning— ordinance amendment—rezoning property subject to option to purchase—contract zoning**

The trial court erred by declaring that defendant board of commissioners' zoning ordinance amendment that rezoned certain property owned or subject to an option to purchase was void based on alleged illegal contract zoning, because: (1) the board of commissioners did not enter into a bilateral contract and there is no evidence that a transaction occurred in which either side undertook to obligate itself in any way; and (2) the board of commissioners' actions were the result of a valid exercise of its legislative discretion, and the board did not abandon its independent decision-making role.

**4. Zoning— ordinance amendment—rezoning property subject to option to purchase—consideration of permissible uses of property**

A zoning ordinance amendment that rezoned certain property owned or subject to an option to purchase was not void based on the board of commissioners' alleged failure to consider all permissible uses of the property within the new zoning classifications, because: (1) the board did consider all permissible uses of the property proposed to be rezoned into the new classifications, as well as other factors relevant to its powers to act in the interests of the public's health, safety, morals, and general welfare; (2) the board's decision is supported by substantial evidence; and (3) the board's actions were not arbitrary and capricious.

**5. Zoning— ordinance amendment—rezoning property subject to option to purchase—invalid provision of ordinance separable**

Although the board of commissioners exceeded its powers by imposing the restriction of a 100 foot buffer along the western

**KERIK v. DAVIDSON CTY.**

[145 N.C. App. 222 (2001)]

boundary of certain property that was not imposed on similarly zoned property in any other location in the county, this error does not affect the validity of the remaining zoning ordinance amendment that rezoned the property because Section 16.1 of the board's zoning ordinance expressly declared that should any provision be held to be invalid, the decision does not affect the validity of any of the remaining provisions.

Judge WALKER concurring in the result.

Appeal by defendant Davidson County from judgment entered 15 December 1999 by Judge Sanford L. Steelman, Jr. in Davidson County Superior Court. Heard in the Court of Appeals 28 March 2001.

*Roberson Haworth & Reese, P.L.L.C., by William P. Miller, for plaintiff-appellees.*

*Blanco Tackabery Combs & Matamoros, P.A., by Reginald F. Combs, for defendant-appellees George F. Sowers and wife Dorothy B. Sowers and Foltz Enterprises.*

*Biesecker, Tripp, Sink & Fritts, L.L.P., by Joe E. Biesecker, for defendant-appellants Davidson County and the Board of Commissioners of Davidson County.*

HUNTER, Judge.

Davidson County appeals from the trial court's judgment declaring the rezoning of certain property owned or subject to an option to purchase by George Sowers (hereinafter "Sowers' property") void. On appeal, the primary issue for this Court to determine is whether Davidson County's amendment of its Zoning Ordinance, which in essence rezoned Sowers' property, is in fact void. After a careful review of the record and briefs, we reverse the trial court and hold that the Zoning Ordinance amendment is valid, however the provisions imposing buffers on the property are void, yet separable.

The relevant facts to this action are undisputed. On 14 December 1993, the Board of Commissioners of Davidson County ("Board of Commissioners") adopted a Zoning Ordinance creating, *inter alia*, Rural Agriculture Districts (RA-3), Highway Commercial Districts (HC), Heavy Industrial Districts (HI), Limited Industrial Districts (LI), and Office and Institutional Districts (O/I). Thereafter, on 22 June 1998, George Sowers ("Sowers") submitted an application to the Davidson County Planning and Zoning Department ("Planning

Department") seeking the rezoning of approximately 140.4 acres in Arcadia Township, Davidson County. The application was for the rezoning—and not for a conditional use permit—of the following contiguous parcels of land:

Parcel I (approximately 5.9 acres) from RA-3 to HC.

Parcel II (approximately 26.8 acres) from RA-3 to HC.

Parcel III (approximately 61.1 acres) from RA-3 to HI.

Parcel IV (approximately 5.4 acres) from LI to HC.

Parcel V (approximately 21 acres) from LI to HI.

Parcel VI (approximately 5.6 acres) from RA-3 to LI.

Parcel VII (approximately 44 acres) from RA-3 to O/I.

Along with the application, Sowers submitted (1) a map, which depicted the parcels for which he sought rezoning, the zoning classifications existing at the time of the application, and the proposed classifications, and (2) a memo dated 23 June 1998, which outlined the proposed uses on the parcels to be rezoned and described various conditions to be placed upon the parcels, including undisturbed buffers, proposed roadways, and the proposed relocation of an existing non-conforming use. On 9 July 1998, Sowers revised his rezoning application to add additional comments regarding Parcels III and V.

While awaiting a hearing on his application, Sowers sent a series of memos to each member of the Board of Commissioners regarding the property he sought to have rezoned. These memos referenced such topics as Sowers' intent to offer Davidson County approximately twenty acres to be used as a park, a sewer project for the proposed rezoned property, and if the Board of Commissioners rejected the proposed sewer project, Sowers' intent to revert to an alternative plan for residential housing on the property.

Ultimately, the Planning Department staff examined Sowers' application and prepared a favorable recommendation (with the exception that the staff recommended that Parcel III be rezoned LI instead of HI, as requested). On 21 July 1998, the Davidson County Planning and Zoning Board ("Planning Board") held a hearing on Sowers' rezoning request. At the completion of the hearing, the Planning Board voted four to one to recommend approval of Sowers' application for rezoning, including the rezoning of Parcel III to LI. The application was then referred to the Board of Commissioners.

On 3 August 1998, the Board of Commissioners held a public hearing to consider Sowers' application. At the completion of this hearing, the Board of Commissioners voted five to two to approve the rezoning as recommended by the Planning Board, but with the addition of a 100 foot buffer along the western edge of Parcel V, at its boundary with Parcel VIII.

Subsequently, on 1 October 1998, Robert and Betty Kerik, Felix Hege, Ronald and Christine Musgrave, James Busick, Don and Mae Brannock, and the Davidson County Neighbors Coalition ("plaintiffs") instituted this action seeking a judgment declaring the rezoning of Sowers' property by Davidson County illegal and void. On 23 August 1999, a hearing was held on the parties' motions for summary judgment before the Honorable Sanford L. Steelman, Jr., of the Superior Court of Davidson County. By order filed 8 September 1999, Judge Steelman granted summary judgment in Davidson County's favor and dismissed thirteen of plaintiffs' sixteen claims, but denied summary judgment and left pending the claims that (1) the rezoning was arbitrary and capricious, (2) the rezoning constitutes unlawful contract zoning, and (3) Sowers failed to show before the Board of Commissioners that the land was suitable for all purposes in the proposed zoning classification.

Then, on 15 November 1999, this matter came before Judge Steelman for a non-jury trial (the parties having waived their right to a trial by jury). At trial, the court accepted into evidence Davidson County's Zoning Ordinance, Sowers' rezoning and revised rezoning applications, minutes of both the Planning Board and the Board of Commissioners, a tape recording and transcript of the public hearing before the Board of Commissioners on 3 August 1998, as well as all other evidence that was before the Board of Commissioners during the rezoning process. Significantly, the court also admitted the affidavits of several involved parties (including the affidavit of Guy Leslie Cornman ("Cornman"), Zoning Administrator for Davidson County), and the testimony of four witnesses (again, including Cornman).

After the trial, Judge Steelman entered a judgment on 15 December 1999 declaring that the rezoning of Sowers' property was void on the grounds that it was illegal contract zoning, and that the action of Davidson County in rezoning the property was arbitrary and capricious. Specifically, Judge Steelman found that there was an agreement on the part of Sowers to maintain certain buffers on his property in consideration for the rezoning by Davidson County.

Therefore, Judge Steelman considered the rezoning to constitute illegal contract zoning, which tainted the entire rezoning process. Davidson County appeals.

**[1]** First, Davidson County contends that the trial court erred in denying its motion to dismiss. We disagree.

At the close of plaintiffs' evidence, Davidson County made a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) (1999), which was subsequently denied. "Dismissal under Rule 41(b) is left to the sound discretion of the trial court." *Smith v. Quinn*, 91 N.C. App. 112, 114, 370 S.E.2d 438, 439 (1988), *rev'd on other grounds*, 324 N.C. 316, 378 S.E.2d 28 (1989). Therefore, "the ruling will not be disturbed on appeal in the absence of a showing of abuse of discretion." *Whedon v. Whedon*, 313 N.C. 200, 213, 328 S.E.2d 437, 445 (1985). At bar, Davidson County has failed to show any abuse of discretion by the trial court. Thus, this assignment of error is overruled.

**[2]** Next, Davidson County argues that the amendment of its Zoning Ordinance, which rezoned Sowers' property, is valid. After a careful review of the "whole record," we hold that the Zoning Ordinance amendment is valid, however the provisions imposing buffers on the property are void, yet separable.

"[A]s a general matter, the power to zone real property is vested in the General Assembly by article II, section 1, of the North Carolina Constitution." *Chrismon v. Guilford County*, 322 N.C. 611, 617, 370 S.E.2d 579, 583 (1988). "This zoning power may be and has been conferred by the General Assembly upon various local governments by legislative enactment." *Id.* In Davidson County, this zoning power has been conferred upon its Board of Commissioners.

"Zoning decisions are typically characterized as being in one of four different categories—legislative, advisory, quasi-judicial, and administrative." *County of Lancaster v. Mecklenberg County*, 334 N.C. 496, 507, 434 S.E.2d 604, 612 (1993). In fact, we recognize that zoning decisions regarding *conditional use and special use permits* are quasi-judicial in nature, and thus require judicial review which includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980); *see also Refining Co. v. Board of Aldermen*, 284 N.C. 458, 467, 202 S.E.2d 129, 135 (1974).

However, in the case *sub judice*, we are dealing with a Board of Commissioners' *rezoning* decision. Generally, N.C. Gen. Stat. § 153A-344(a) (1999) allows counties to amend their zoning ordinances for rezoning purposes. Accordingly, "[a]doption, amendment, or repeal of a zoning ordinance is a legislative decision that must be made by the elected governing board—the city council or the county board of commissioners. . . ." David W. Owens, *Legislative Zoning Decisions Legal Aspects*, at 36 (2d ed. 1999). In other words, "[r]ezoning is a legislative act . . . ." *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 373, 344 S.E.2d 357, 360 (1986); *see also Brown v. Town of Davidson*, 113 N.C. App. 553, 556, 439 S.E.2d 206, 208 (1994). Thus, a Board of Commissioners, in amending its Zoning Ordinance for rezoning purposes, is involved in a legislative act. Consequently, the review of a Board of Commissioners' legislative authority is quite distinct from that review utilized when a Board is acting in a quasi-judicial nature.

"A county's legislative body has authority to rezone when reasonably necessary to do so in the interests of the public health, safety, morals or general welfare." *Willis v. Union County*, 77 N.C. App. 407, 409, 335 S.E.2d 76, 77 (1985). "Ordinarily, the only limitation upon [the Board of Commissioner's] legislative authority is that it may not be exercised arbitrarily or capriciously." *Allred v. City of Raleigh*, 277 N.C. 530, 545, 178 S.E.2d 432, 440 (1971). Furthermore:

When the most that can be said against such [rezoning] ordinances is that whether it was an unreasonable, arbitrary or unequal exercise of power is fairly debatable, the courts will not interfere. In such circumstances the settled rule seems to be that the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of

determining whether its action is in the interest of the public health, safety, morals, or general welfare. . . .

*In re Appeal of Parker*, 214 N.C. 51, 55, 197 S.E. 706, 709 (1938).

Therefore, in determining whether a Board of Commissioners' decision is "arbitrary and capricious, . . . the reviewing court must apply the 'whole record' test." *Sun Suites Holdings, LLC, v. Board of Aldermen of Town of Garner*, 139 N.C. App. 269, 272, 533 S.E.2d 525, 528, *writ of supersedeas and disc. review denied*, 353 N.C. 280, 546 S.E.2d 397 (2000) (quoting *JWL Invs., Inc. v. Guilford County Bd. of Adjust.*, 133 N.C. App. 426, 429, 515 S.E.2d 715, 717 (citation omitted), *disc. review denied*, 351 N.C. 357, 540 S.E.2d 349 (1999)); *see Armstrong v. McInnis*, 264 N.C. 616, 625-26, 142 S.E.2d 670, 676-77 (1965) (in a declaratory judgment action upholding a city council's rezoning decision, the trial court sat "as an appellate court and was authorized only to review questions of law and legal inferences arising on the record"). The "whole record" test

"... requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the [Board of Commissioners'] decision is supported by 'substantial evidence.' *Pisgah Oil[ v. Air Pollution Control Agency*, 139 N.C. App. [402,] 405-06, 533 S.E.2d [290,] 292-93 [(2000)] (quoting *Amanini[ v. N.C. Dept. of Human Resources]*, 114 N.C. App. [668,] 674, 443 S.E.2d [114,] 118 [(1984)]). Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Dialysis Care v. N.C. Dept. of Health*, 137 N.C. App. 638, 646, 529 S.E.2d 257, 261 (2000) (quoting *Meads v. N.C. Dep't of Agric.*, 349 N.C. 656, 663, 509 S.E.2d 165, 170 (1998) (citations omitted)). The reviewing court should not replace the [Board of Commissioners'] judgment as between two reasonably conflicting views; '[w]hile the record may contain evidence contrary to the findings of the [Board], this Court may not substitute its judgment for that of the [Board].' " *Id.* (citation omitted).

*SBA, Inc. v. City of Asheville City Council*, 141 N.C. App. 19, 26-27, 539 S.E.2d 18, 22 (2000).

At bar, Judge Steelman conducted a full trial, which included the consideration of all of the evidence that was before the Board of Commissioners during the rezoning process. However, the trial court also considered affidavits of several involved parties and heard the

testimony of four witnesses—and admittedly relied on the testimony of at least one, Cornman, in arriving at its decision. Although the court did not state which standard of review it used, the trial court did include in its findings of fact that:

> 5. The Court has had the opportunity to observe the testimony of each witness, to assess the credibility of each witness, and to determine the weight to be given to the testimony of each witness.
>
> . . .
>
> 17. Mr. Cornman testified that his understanding of the action of the Board of Commissioners was that they declined to rezone [the 100 foot buffer on Parcel V] . . . . The Court finds this testimony not to be credible. This testimony is contradicted by Mr. Cornman's own affidavit . . . .

Thus, it is clear from Judge Steelman's judgment that he improperly reviewed this matter *de novo*. Again, the proper standard of review for a Board of Commissioners' legislative decision, including a determination on whether it engaged in contract zoning, is the "whole record" test. Consequently, the trial court committed error in its review.

We note that in his concurring opinion, Judge Walker presents the cases *Hall v. City of Durham*, 88 N.C. App. 53, 362 S.E.2d 791 (1987), and *Allgood v. Town of Tarboro*, 281 N.C. 430, 189 S.E.2d 255 (1972), *inter alia*, to support his conclusion that a trial court may receive evidence in addition to the record upon a challenge of a local government's rezoning decision. However, we have failed to find any instance in those cases, or any other case dealing with the legislative decision of rezoning, where the trial court actually heard new evidence, outside of the record.

In fact, in *Hall, supra*, the trial court received into evidence unedited and *edited* copies—with council members' comments deleted—of the city council's minutes, and an affidavit from a citizen explaining the omitted portions of those minutes. This evidence, therefore, did not constitute evidence outside of the city council's proceedings. Thus, we reiterate that the proper review of a local government's rezoning decision should be based on the "whole record." "It is not for the Superior Court or for this Court to review the action of the Town Council for the purpose of substituting the judgment of the Court for that of the Council concerning the wisdom of" rezoning.

*Allgood*, 281 N.C. at 444, 189 S.E.2d at 264. Opening review to new evidence, such as affidavits, witness testimony, and the like, would destroy deference to the "whole record."

Notably, "[a] determination [that the trial court committed error in its review] might well require remand of the case to the trial court for its application of the proper standard of review." *Sun Suites*, 139 N.C. App. 269, 274, 533 S.E.2d 525, 528. However, in the case *sub judice*, the entirety of the record is before us, therefore, in the interests of judicial economy, we conclude remand of this case is unnecessary. *See id.*, 533 S.E.2d at 528-29.

**[3]** "A duly adopted rezoning ordinance is presumed to be valid and the burden is upon the plaintiff to establish its invalidity." *Nelson v. City of Burlington*, 80 N.C. App. 285, 288, 341 S.E.2d 739, 741 (1986). Here, plaintiffs first argue that the Board of Commissioners' Zoning Ordinance amendment constitutes illegal contract zoning, and therefore is void. We disagree.

One limitation on a Board of Commissioners' legislative authority in rezoning is contract zoning. At bar, Judge Steelman made the following findings:

> 23. It is clear that a fundamental consideration for the rezoning in this matter were the buffer areas . . . . At the public hearing in this matter, the Davidson County Board of Commissioners further required an additional 100 foot buffer along the western boundary of Parcel V, where it adjoined Parcel VIII. There was an agreement on the part of Sowers to maintain all of these buffers, in consideration for the rezoning by Davidson County. The rezoning of the parcels . . . constituted illegal contract zoning between the defendant, Sowers, and Davidson County.

> 24. The Court further finds that the contract zoning tainted the entire rezoning process, and that the proper remedy is to void the entire rezoning.

> 25. . . . Davidson County considered impermissible criteria in evaluating the Sowers rezoning request. The action of Davidson County in rezoning the Sowers property was arbitrary and capricious.

> 26. The Court has considered the arguments of the plaintiffs that there was an agreement between the defendant, Sowers, and Davidson County encompassing the rezoning, a contract for the

extension of sewer, and the deeding of lands for a park to Davidson County. While there is evidence that would support such a finding, the Court finds that plaintiffs have failed to meet their burden of proof on this contention.

Based on his findings, Judge Steelman declared the rezoning of Sowers' property to be void as illegal contract zoning.

We recognize that "[r]ezoning must be effected by the exercise of legislative power rather than by special arrangements with the owner of a particular tract or parcel of land." *Allred v. City of Raleigh*, 277 N.C. 530, 545, 178 S.E.2d 432, 441. "Illegal contract zoning properly connotes a transaction wherein both the landowner who is seeking a certain zoning action and the zoning authority itself undertake reciprocal obligations in the context of a bilateral contract." *Chrismon*, 322 N.C. 611, 635, 370 S.E.2d 579, 593 (emphasis omitted). "In short, a 'meeting of the minds' must occur; [and] mutual assurances must be exchanged." *Hall v. City of Durham*, 323 N.C. 293, 298-99, 372 S.E.2d 564, 568 (1988).

Having carefully reviewed the record, we conclude that the Board of Commissioners did not enter into a bilateral contract. First, with his application for rezoning, Sowers submitted a memo detailing various conditions to be placed upon the proposed rezoned property, including undisturbed buffers. The only promises made as to these buffers were unilateral, from Sowers to the Board of Commissioners. No promises whatsoever were made by the Board of Commissioners in exchange. Second, the Board of Commissioners imposed the 100 foot buffer on Parcel V, and made no promise associated with this provision. Likewise, Sowers made no promise in return. Lastly, as to plaintiffs' contention that there was an agreement between Sowers and the Board of Commissioners as to the rezoning, the sewer project, and the deeding of land for a park, we concur with the trial court that the record does not support that any such reciprocal agreement existed.

Viewing the "whole record," there is no evidence that a transaction occurred in which either side undertook to obligate itself in any way. No meeting of the minds took place, and no reciprocal assurances were made. Therefore, we hold that the Board of Commissioners' actions were the result of a valid exercise of its legislative discretion; and the Board did not abandon its independent decision-making role. Accordingly, we hold that "substantial evidence" in the record supports that the Board of

Commissioners' Zoning Ordinance amendment did not constitute illegal contract zoning.

[4] Secondly, plaintiffs contend that the Zoning Ordinance amendment is void because the Board of Commissioners failed to consider all permissible uses of the property within the new zoning classifications. Again, we disagree.

Previously, our Supreme Court has held, "when rezoning property from one general use district with fixed permitted uses to another general use district with fixed permitted uses, a [Board of Commissioners] must determine that the property is suitable for all uses permitted in the new general use district . . . ." *Hall*, 323 N.C. 293, 305, 372 S.E.2d 564, 572. Consequently, all permissible uses of property proposed to be rezoned into a new classification must be considered for the rezoning to be valid.

A review of the record *sub judice* reveals that the Board of Commissioners did consider all permissible uses of the property proposed to be rezoned into the new classifications. At the 3 August 1998 meeting, members of the Board of Commissioners received with their agendas a detailed list of the permitted uses in HC, LI, O/I, and HI districts. Furthermore, minutes of the 3 August 1998 meeting show that the Board of Commissioners considered restrictions on proposed industries, permissible uses such as asphalt and chemical plants, parks, and schools; moreover, the Board of Commissioners considered such factors as proximity to other commercial, industrial, and residential property, buffers, traffic, location of highways, and potential tax revenue.

Additionally, minutes of the Planning Board's meeting of 21 July 1998 reveal that the Planning Board, too, considered many permissible uses of the property to be rezoned, including possible HI district uses (such as junk yards, chemical plants, slaughter houses, recycling facilities, and other heavy industrial plants), possible LI district uses (such as waste treatment plants, parcel delivery facilities, light manufacturing, and warehousing), and other permissible uses such as asphalt and concrete plants, parks, and schools. The Planning Board also considered proximity to commercial, industrial, and residential property, buffers, traffic, location of highways, creation of new jobs, and potential tax revenue. We note that both the Board of Commissioners' and the Planning Board's meetings were open to the public, and those in opposition to Sowers' rezoning request were given adequate opportunity to be heard.

After our review of the "whole record," we find that the Board of Commissioners considered all permissible uses of the property at issue, as well as other factors relevant to its power to act in the interests of the public's health, safety, morals, and general welfare. Therefore, we hold that the Board of Commissioners did not consider impermissible criteria; the Board's decision is supported by "substantial evidence" in the record; the Board's actions were not "arbitrary and capricious"; and the Zoning Ordinance amendment is valid.

[5] Finally, we turn our attention to the proposed buffers on the rezoned property. Our Supreme Court has stated:

> "When a city adopts a zoning ordinance restrictions on use must be uniform in all areas in a defined class or district. Different areas in a municipality may be put in the same class. The law does not require all areas of a defined class to be contiguous, but when the classification has been made, all areas in each class must be subject to the same restrictions."

*Decker v. Coleman*, 6 N.C. App. 102, 106-07, 169 S.E.2d 487, 490 (1969) (emphasis omitted) (quoting *Walker v. Elkin*, 254 N.C. 85, 87, 118 S.E.2d 1, 3 (1961)). At bar, Sowers' application for rezoning indicated the existence of several undisturbed buffers on the property. Additionally, the Board of Commissioners imposed the restriction of a 100 foot buffer along the western boundary of Parcel V. The record supports that these buffers only applied to Sowers' property, and they were not imposed on similarly zoned property in any other location in Davidson County. "Since the [provisions regarding buffers] exceeded statutory limitations imposed by the General Assembly when it enacted the statutes delegating to cities power to enact zoning ordinances, the [provisions are] void." *Decker*, 6 N.C. App. at 107-08, 169 S.E.2d at 491.

Nevertheless, this holding does not affect the validity of the remaining Zoning Ordinance amendment, as the Board of Commissioners has expressly declared in Section 16-1 of its Zoning Ordinance that "should any provision, portion, section, or subsection of this ordinance be held to be invalid, such a decision shall not be construed as affecting the validity of any of the remaining provisions, portions, sections or subsections . . . ." Again, our Supreme Court has held that:

> "It is well settled that if valid provisions of a statute, or ordinance, are separable from invalid provisions therein, so that if the

invalid portions be stricken the remainder can stand alone, the valid portions will be given full effect if that was the legislative intent."

*Decker*, 6 N.C. App. at 108, 169 S.E.2d at 491 (quoting *Jackson v. Board of Adjustment*, 275 N.C. 155, 168, 166 S.E.2d 78, 87 (1969)). Here, the Board of Commissioners has expressly declared such an intent. Therefore, the provisions imposing buffers on the property are separable from the remainder of the Zoning Ordinance amendment.

In sum, we reverse the judgment of the trial court. In so doing, we hold that Davidson County's amendment of its Zoning Ordinance, which rezoned the property at issue, was a proper and valid exercise of its legislative authority; the Board of Commissioners did not engage in illegal contract zoning; the Board's decision is supported by "substantial evidence" in the record; and the Board's actions were not "arbitrary and capricious." Accordingly, the Zoning Ordinance amendment is valid, however the provisions imposing buffers on the property are void, yet separable.

Reversed.

Judge WALKER concurs in the result in a separate opinion.

Judge TYSON concurs.

WALKER, Judge, concurring in the result.

I agree with the majority decision that the Board of Commissioners' (Board) re-zoning the subject property was a valid exercise of its legislative authority and that the Board did not engage in illegal contract zoning. However, I conclude the trial court did not err in receiving additional evidence from plaintiffs in support of their allegation that the Board's decision resulted in illegal contract zoning. After a careful review of the record, including evidence received by the trial court, I find there is insufficient evidence to support the allegations of illegal contract zoning.

Plaintiffs' action is brought under the Declaratory Judgment Act (Act) found in N.C. Gen. Stat. § 1-254 et. seq. Our case law clearly establishes that a declaratory action is a proper vehicle to be utilized to review decisions of a local government. *See Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 344 S.E.2d 272 (1986); *Stutts v. Swaim*,

30 N.C. App. 611, 228 S.E.2d 750, *disc. review denied*, 291 N.C. 178, 229 S.E.2d 692 (1976); *Taylor v. City of Raleigh*, 22 N.C. App. 259, 206 S.E.2d 401 (1974), *aff'd*, 290 N.C. 608, 227 S.E.2d 576 (1976); *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972). However, I find nothing in this Act or applicable case law which confines a trial court's review of those decisions to the record made at the re-zoning hearing.

In *Hall v. City of Durham*, 88 N.C. App. 53, 362 S.E.2d 791 (1987), *aff'd*, 323 N.C. 293, 372 S.E.2d 564 (1988), plaintiffs filed a declaratory judgment action alleging the re-zoning was the product of illegal contract zoning. The trial court received into evidence edited minutes from the city council meeting and an affidavit concerning statements some council members had made at the hearing. *Id.* at 57, 362 S.E.2d at 793-94. The trial court granted summary judgment for plaintiffs, ruling the re-zoning action by the City amounted to prohibited contract zoning. *Id.* at 55, 362 S.E.2d at 792. In affirming the trial court, we concluded "[i]n our opinion, the portions of the minutes and the affidavit to which defendants object were properly received by the trial court to show the Council's consideration of the facts before it." *Id.* at 58, 362 S.E.2d at 794.

Likewise in *Allgood v. Town of Tarboro*, 281 N.C. 430, 189 S.E.2d 255 (1972), plaintiffs brought an action challenging a re-zoning by the town of Tarboro. Our Supreme Court noted with approval that "[a]fter hearing the evidence and arguments of counsel," the trial court made findings upholding the decision of the town and the Supreme Court affirmed. *Id.* at 434, 189 S.E.2d at 258.

Further, in *Armstrong v. McInnis*, 264 N.C. 616, 142 S.E.2d 670 (1965), cited by the majority, as well as *Sherill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 344 S.E.2d 357, *disc. review denied*, 318 N.C. 417, 349 S.E.2d 600 (1986), the trial court received evidence at trial in addition to the record from local government regarding re-zoning decisions with approval by our appellate courts. I find no authority which would limit the trial court's review in a declaratory action to the record made at the re-zoning hearing. Here, the majority apparently applies for the first time the "whole record" test and would limit review of the Board's decision to the record made at the hearing on the re-zoning of the subject property.

In a situation where evidence may be forthcoming after the re-zoning hearing, which may give rise to allegations of illegal contract zoning, the declaratory action enables the trial court to receive evi-

dence in support of those allegations, while nevertheless being mind-ful that deference is accorded the legislative decision of local gov-ernment. *See In re Parker*, 214 N.C. 51, 55, 197 S.E. 706, 709 (1938) (holding ". . . the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining whether its action is in the interest of the public health, safety, morals, or general welfare").

Therefore, I conclude that in a declaratory action challenging a re-zoning decision of a local government, the trial court, upon review, may receive evidence in addition to the record made at the hearing.